# EXHIBIT 2

RECORDATION REQUESTED BY:

AFTER RECORDATION, RETURN TO:

FIRST FEDERAL ~~~~~~~~
ASSOCIATION OF ~~~~~~

RETURN BY: MAIL ( ) PICKUP (X)

72- 94213   8802   10
1972 DEC 13 PM 3:45

Space above this line for Registrar's use

## GRANT OF LEASEHOLD PARKING EASEMENT

THIS INDENTURE made this 5 day of *December*, 19 72, by and between SHERMAN N. DOWSETT, husband of Carol C. Dowsett, of the City and County of Honolulu, State of Hawaii, hereinafter called the "Grantor" and AILENE C. SMART, unmarried, whose residence and post office address is 44-011 Aina Moi Place, Kaneohe, Hawaii 96744 and DONALD E. MONROE, husband of Mary L. Monroe, whose residence and post office address is 4340 Pahoa Avenue, Apartment 9B, Honolulu, Hawaii 96816, as Trustees for the members from time to time of the ASSOCIATION OF APARTMENT OWNERS OF HA'I O KAUAI COTTAGE COLONY Condominium Project (now known as "Hanalei Colony Resort" and hereinafter called the "project"), an unincorporated association of apartment owners of the said project situate at Wainiha, Halelea, Island and County of Hawaii, State of Hawaii, hereinafter called the "Grantee",

W I T N E S S E T H :

WHEREAS, Grantor is the owner of the fee simple title to the land described in Exhibit "A" attached hereto and made a part hereof; and

WHEREAS, Grantor submitted certain other lands to the Horizontal Property Regime established by the Horizontal Property Act, Chapter 514, Hawaii Revised Statutes, as amended by

CONROY, HAMILTON, GIBSON,
NICKELSEN & RUSH
Attorneys at Law

EXHIBIT 2

LIBER 8902 PAGE 11

Declaration of Horizontal Property Regime, dated December 3, 1968, recorded at the Bureau of Conveyances of the State of Hawaii in Liber 6338, Page 251, as amended (hereinafter called the "Declaration"); and

WHEREAS, there are fifty-three (53) leasehold apartments in the said project; and

WHEREAS, Grantor has issued individual apartment leases on each of the said apartments for terms ending on July 31, 2024; and

WHEREAS, the parties hereto desire to provide parking facilities for each of the said apartments of the project during the terms of the said leases.

NOW, THEREFORE, Grantor, in consideration of the sum of TEN DOLLARS ($10.00) to him paid by Grantee, the receipt of which is hereby acknowledged, and of the covenants of Grantor and Grantee as hereinafter contained, does hereby grant, bargain, sell and convey unto Grantee an easement for the parking of fifty-three (53) automobiles, over and upon a portion of the land described in said Exhibit "A", for the leasehold term as hereinafter defined;

TOGETHER WITH the right of ingress and egress to and from the said easement area to Kuhio Highway in connection with the right hereby granted.

The parties hereto do further mutually covenant and agree as follows:

That the location of said easement area and rights of ingress and egress shall be subject to being originally located by Grantor and such location shall be made as promptly as the appropriate governmental authorities will allow;

-2-

8902 12

That Grantor may relocate any or all of the said easement area and said right of ingress and egress from time to time, with or without the use of parking decks and with or without decking over the ditch or drainage stream bed, within the land described in said Exhibit "A" and, provided that the requirements of Chapter 514, Hawaii Revised Statutes, as amended, are followed within the portion of the land described in said Declaration.

That if Grantor relocates any or all of the said easement area within a portion of the land described in said Declaration, the same shall be approved by the membership of the said Association of Apartment Owners as the same is required by Chapter 514, Hawaii Revised Statutes, as amended, shall be completed at the cost of Grantor and shall be completed without relocating any of the present structures of the said project and in a manner so as not to disturb unnecessarily the normal enjoyment and use of the lands or improvements of the said project.

That the term of the said easement shall be for the term of the said individual apartment leases; provided, however, that the number of automobiles provided parking under this easement shall be decreased prorata as and when individual apartment leases terminate or are canceled pursuant to the provisions thereof, such that when all of the said individual apartment leases have been either canceled or terminated as aforesaid the easement granted hereby shall terminate.

That this easement is appurtenant to and shall not be separated from the individual apartments of the said project, such that each apartment shall be entitled to the right to park one (1) automobile within the located or relocated easement area during the term of the respective individual apartment lease covering that apartment, as aforesaid.

-3-

LIBER 8902 PAGE 13

That during the term hereof, Grantee agrees to properly maintain and repair the said easement area, and shall indemnify and save harmless Grantor against loss or damage to the property of Grantor or to the property of others, situate outside of the said easement area, and from liability for injury to or death of persons arising out of the use of the said easement area, when such loss, damage, injury or death arises or proximately results from the negligence of Grantee and the beneficiaries for whom Grantee is Trustee, their agents, servants or the guests or business invitees of any of them or from Grantee's failure to so properly maintain and repair the said easement area.

And Carol C. Dowsett, wife of Grantor, in consideration of the premises and of the sum of ONE DOLLAR ($1.00) to her paid by Grantee, receipt whereof is hereby acknowledged, does by these presents release, remise and forever quitclaim unto Grantee all of her estate, right, title and interest of whatsoever kind or nature and howsoever acquired, including all of her community property interest and right or possibility of dower in and to the interest of Grantee acquired by the foregoing grant of easement.

IN WITNESS WHEREOF, the parties hereto have executed these presents the day and year first above written.

_____
Sherman N. Dowsett
GRANTOR

_____
Eileen C. Smart

_____
Donald E. Monroe
GRANTEE,
as Trustees
as aforesaid

-4-

LIBER 8902 PAGE 14

_____
Carol C. Dowsett

STATE OF HAWAII            )
                           ) ss.
CITY AND COUNTY OF HONOLULU )

On this ___ day of _____, 1972, before me personally appeared CAROL C. DOWSETT, to me known to be the person described in and who executed the foregoing instrument and acknowledged that she executed the same as her free act and deed.

_____
Notary Public, First Judicial
Circuit, State of Hawaii

My commission expires: September 12, 1975

-5-

STATE OF HAWAII )
) SS.
CITY AND COUNTY OF HONOLULU )

LIBER 8902 PAGE 15

On this 9th day of December, 1972, before me personally appeared SHERMAN N. DOWSETT, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed.

_____
Notary Public, First Judicial Circuit, State of Hawaii.

My commission expires September 12, 1975

STATE OF HAWAII )
) SS.
CITY AND COUNTY OF HONOLULU )

On this 8 day of December, 1972, before me personally appeared AILENE C. SHART, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that she executed the same as her free act and deed as such Trustee.

_____
Notary Public, First Judicial Circuit, State of Hawaii.

My commission expires 7/23/76

STATE OF HAWAII )
) SS.
CITY AND COUNTY OF HONOLULU )

On this 8 day of December, 1972, before me personally appeared DONALD E. MONROE, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed as such Trustee.

_____
Notary Public, First Judicial Circuit, State of Hawaii.

My commission expires 7/23/76

-6-

EXHIBIT "A"

LIBER 8802 PAGE 16

Being all of Lot 76-B, which being a subdivision of Lot 76-A of Wainiha Hui Land, Exhibit "B" is situated at Wainiha, Halelea, Kauai, Hawaii, and is more fully and particularly described by notes of survey as follows:

Beginning at a concrete monument at the Northwest corner of this Lot, and along the East side of Kuhio Highway, the coordinates of said point of beginning referred to Government Survey Trig. Station "Niha 2" being 627.06 feet South and 25.80 feet West, thence running by azimuths measured clockwise from true South:

1. 200 degrees 20 minutes 500.00 feet along Lots 75 and 71 of Wainiha Hui Land, and passing over an iron pin at 402.00 feet to the highwater mark;

   The next three courses follow the highwater mark at sea-shore.

2. 309 degrees 09 minutes 172.92 feet;

3. 294 degrees 53 minutes 48.90 feet;

4. 293 degrees 56 minutes 30 seconds 43.00 feet;

5. 45 degrees 12 minutes 30 seconds 238.25 feet along Lot 77-A, a subdivision of Lot 76-A of Wainiha Hui Land to a pipe;

6. 20 degrees 20 minutes 213.37 feet along same;

7. 313 degrees 40 minutes 164.43 feet along same to a pipe;

8. 52 degrees 42 minutes 77.94 feet along same to a pipe;

9. Thence on a curve of radius 20.00 feet along same to the right, the direct azimuth and distance being:
   96 degrees 53 minutes 30 seconds 27.82 feet to a pipe;

10. 141 degrees 05 minutes 221.55 feet along the East side of Kuhio Highway to a pipe;

11. 130 degrees 54 minutes 49.92 feet along same to the point of beginning, and

Containing an area of 2.356 Acres.

Excepting and reserving therefrom an easement for ditch or drainage stream bed across this lot.

EXHIBIT "A"