IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

LAWYERS TITLE INSURANCE )
CORPORATION,                              )     Civ. No. 06-00429 ACK-BMK
                                          )
                Plaintiff,                )
                                          )
        v.                                )
                                          )
CHARO'S CORPORATION,                      )
                                          )
                Defendant.                )
_____)

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT ORDER

        This Court issued an Order Denying Plaintiff's Motion

for Partial Summary Judgment and Granting Defendant's Motion for

Partial Summary Judgment (hereinafter "Summary Judgment Order")

on May 24, 2007.  Plaintiff Lawyers Title filed a Motion for

Reconsideration of that order on June 8, 2007.[1/]  Defendant

Charo's filed an Opposition to the Motion for Reconsideration on

June 19, 2007.[2/]  Plaintiff filed a Reply on June 29, 2007.[3/]  The

_____

        [1/]See Plaintiff Lawyers Title Insurance Corporation's Motion
for Reconsideration of Order Denying Plaintiff's Motion for
Partial Summary Judgment and Granting Defendant's Motion for
Partial Summary Judgment, Filed May 24, 2007 (June 8, 2007)
("Motion for Reconsideration" or "Motion for Recon.").

        [2/]See Defendant Charo's Corporation's Memorandum in
Opposition to Plaintiff Lawyers Title Insurance Corporation's
Motion for Reconsideration of Order Denying Plaintiff's Motion
for Partial Summary Judgment and Granting Defendant's Motion for
                                        (continued...)

Court finds this matter suitable for disposition without a
hearing.  See Local Rule 7.2(d).

## STANDARD

In the Ninth Circuit, a successful motion for
reconsideration must accomplish two goals.  First, it must
demonstrate some reason why the court should reconsider its prior
decision.  Na Mamo O 'Aha 'Ino v. Galiher, 60 F. Supp. 2d 1058,
1059 (D. Haw. 1999) (citation omitted).  Second, a motion for
reconsideration must set forth facts or law of a strongly
convincing nature to induce the court to reverse its prior
decision.  Id.  Courts have established three grounds justifying
reconsideration: (1) an intervening change in controlling law;
(2) the availability of new evidence; and (3) the need to correct
clear error or prevent manifest injustice.  Mustafa v. Clark
County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998); Great
Hawaiian Financial Corp. v. Aiu, 116 F.R.D. 612, 616 (D. Haw.
1987), rev'd on other grounds, 863 F.2d 617 (9th Cir. 1988).  The
District of Hawaii has implemented these standards in Local Rule
60.1, which states:

[2]/(...continued)
Partial Summary Judgment Entered May 24, 2007 (June 19, 2007)
("Opposition").

[3]/See Reply Memorandum in Support of Plaintiff Lawyers Title
Insurance Corporation's Motion for Reconsideration of Order
Denying Plaintiff's Motion for Partial Summary Judgment and
Granting Defendant's Motion for Partial Summary Judgment, Filed
May 24, 2007, Filed June 8, 2007 (June 29, 2007) ("Reply").

> Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:
> (a)   Discovery of new material facts not previously available;
> (b)   Intervening change in law;
> (c)   Manifest error of law or fact.
> Motions asserted under Subsection (c) of this rule must be filed not more than ten (10) business days after the court's written order is filed.

L.R. 60.1.

Mere disagreement with a previous order is an insufficient basis for reconsideration.  See Leong v. Hilton Hotels Corp., 689 F. Supp. 1572 (D. Haw. 1988).  Furthermore, reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision.  See Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000); Hawaii Stevedores, Inc. v. HT&T Co., 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005); All Hawaii Tours, Corp. v. Polynesian Cultural Ctr., 116 F.R.D. 645, 649-50 (D. Haw. 1987), rev'd on other grounds, 855 F.2d 860 (9th Cir. 1988). "Whether or not to grant reconsideration is committed to the sound discretion of the court."  Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter., 229 F.3d at 883).

## DISCUSSION

Plaintiff asserts that reconsideration of the Summary Judgment Order is appropriate because the Court committed manifest error.  See Motion for Recon. at 1.  Specifically,

3

Plaintiff cites four issues on which it argues the Court erred: interpretation of paragraph 5 of the Policy; determination that Lawyers Title must defend Charo's in the underlying lawsuit; determination that Charo's actual loss must be fixed or based on a final determination; and misinterpretation of the phrase "actual loss."  See id. at 1-2.

Plaintiff's Motion for Reconsideration fails to demonstrate any reason why the court should reconsider its prior decision, and fails to set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision.  Na Mamo O 'Aha 'Ino, 60 F. Supp. 2d at 1059.  As discussed below, the Court finds no error in the Summary Judgment Order.

## A.    Paragraph 5 of the Policy

In support of its position that the Court erred in interpreting paragraph 5 of the Policy, Plaintiff merely rehashes the same arguments that it made in its summary judgment papers. In fact, as Defendant points out, many of Plaintiff's arguments in the Motion for Reconsideration appear to have been copied, word for word, from Plaintiff's summary judgment papers.  The Summary Judgment Order analyzes and discredits those arguments appropriately, and the Court finds no error in the order. Moreover, mere disagreement with the previous order is an insufficient basis for reconsideration.  See Leong v. Hilton

<u>Hotels Corp.</u>, 689 F. Supp. 1572 (D. Haw. 1988).[4]

Plaintiff's only new argument in support of its interpretation of paragraph 5 is that the 1987 revisions to the ALTA Owner's Policy[5] "were inherent elements of the 1970 ALTA Owner's Policy contained and included therein." <u>See</u> Motion for

---

[4]Furthermore, <u>Stewart Title Guaranty Company v. West</u> (cited by Plaintiff in its summary judgment papers and again in its reconsideration papers) is distinguishable from the instant case. <u>See</u> <u>Stewart Title Guaranty Company v. West,</u> 676 A.2d 953 (Md. 1996) (hereinafter <u>West</u>).  In the instant case, only a partial loss is at issue and the parties do not agree on the amount and extent of land impacted by the claim; and the insured maintains it has good title and is opposing (represented by Plaintiff Lawyers Title subject to a reservation of rights) the claim filed by a third party in state court.  <u>See, e.g.</u>, Defendant Charo's Corporation's Memorandum in Opposition to Plaintiff Lawyers Title Insurance Corporation's Motion for Partial Summary Judgment Against Defendant Charo's Corporation at 20 (May 3, 2007).  In contrast, in <u>West</u>, both the insured and the insurer conceded that the insured's title was defective.  <u>West</u>, 676 A.2d at 966.  The <u>West</u> court examined the options available to the insurer under the policy in the context of determining whether the insurer breached the policy at the time of its issuance because the title was defective on the day of issuance, and whether paragraph 7(b) could be used by the insurer as a shield to delay its liability - not in the context of determining whether the insurer owed a duty to defend, as in the instant case.  <u>See id.</u>, 676 A.2d at 961, 964.  The <u>West</u> court concluded that "Paragraph 7(b) only applies when the 'adverse' nature of the title is in dispute," ruling that "Paragraph 7(b) only applies in cases in which either (1) the insured, or the insurer on behalf of the insured, files suit claiming that the insured's title is good, or (2) a third party sues the insured claiming that the insured's title is defective." <u>Id.</u> at 963, 964.

[5]The Policy provisions at issue in this case are part of the 1970 ALTA Owner's Policy.  In the Summary Judgment Order, this Court noted that a treatise cited by Plaintiff indicates that a subsequent, 1987 revision to the ALTA Owner's Policy gave the title insurer the option to settle a claim with the insured directly to terminate the insurer's liability under the policy as to that particular claim.  <u>See</u> Summary Judgment Order at 20.

Recon. at 9; see also id. at 7 n.10, 9 n.11.  In support of this argument, Plaintiff cites two documents published in continuing legal education program materials.  See id. at 7 n.10.  Not only are these documents completely unpersuasive and without authority, Plaintiff could have introduced them at the summary judgment stage.  See Kona Enter., Inc., 229 F.3d 877, 890 (reconsideration may not be based on legal arguments that could have been presented at the time of the challenged decision).

The Court concludes that, for the reasons discussed in the Summary Judgment Order, Plaintiff's interpretation of the Policy provision contradicts the plain language of the Policy. Moreover, any ambiguity must be construed against the insurer. Plaintiff has identified no error in the Court's decision on this issue.

**B.    Duty To Defend**

Plaintiff argues that the Court erred in finding a duty to defend since the Court based this finding on an erroneous interpretation of paragraph 5 of the Policy.  Once again, Plaintiff's argument on this issue simply rehashes its arguments made in its summary judgment papers.  As already discussed, the Court finds no error in its interpretation of paragraph 5. Therefore, Lawyers Title has not satisfied its obligations regarding the claim, and has a duty to defend Charo's in the underlying lawsuit.  See Summary Judgment Order at 21-24.

To the extent that Plaintiff may be arguing in the alternative that reconsideration is appropriate because Charo's had actual knowledge of the claim as early as 1986, and that Charo's allegedly untimely and prejudicial tender of the claim relieves Lawyers Title of any duty to defend, Lawyers Title provides no evidence in support of this new allegation.  See Motion for Recon. at 12 n.15; see also Reply at 3-4 n.4 (stating that the Motion for Reconsideration is not based on Charo's alleged actual knowledge).  Without any supporting evidence, the allegation is not an adequate basis for reconsideration at this time.

Accordingly, the Court finds no error in its conclusion that Plaintiff has a duty to defend Charo's in the underlying lawsuit.

**C.   Actual Loss**

Plaintiff makes two related arguments concerning actual loss.  Plaintiff's first argument, regarding whether Charo's actual loss must be fixed, is based on what Plaintiff thinks the Summary Judgment Order "seems to suggest," rather than on the actual holding of the order.  See Motion for Recon. at 12.  In fact, the Court did not hold, as Plaintiff suggests, that "upon the insured's tender of a claim, an insurer must always wait for a final judicial determination of actual loss."  Id. at 13. Rather, the Court found more narrowly that, under the particular

7

facts of this case, Charo's damages have not been fixed, Plaintiff agreed that Charo's had not yet sustained a loss and may suffer no loss, and Defendant agreed that it was too soon to tell what actual loss it would suffer.  See Summary Judgment Order at 20-21 n.8, 24-25.  As a result, the Court held that the outcome of the underlying lawsuit would necessarily effect the actual loss, if any, that Charo's sustains, and therefore the issue of whether Charo's actual loss equals $102,000 is not ripe for adjudication.  See id. 25.[6]

Plaintiff argues also that the Court disregarded the "Overholtzer rule."  See Motion for Recon. at 19; see also Overholtzer v. Northern Counties Title Ins. Co., 253 P.2d 116 (Cal. Ct. App. 1953).  However, the Court did not reach the issue of the Overholtzer rule and calculation of actual loss because the Court determined that calculation of actual loss by this Court is not ripe, under the particular facts of this case, where the underlying lawsuit is pending, Plaintiff agreed that Defendant had not yet sustained a loss and may suffer no loss, and Defendant agreed that it was too soon to tell what actual loss it would suffer.  See Summary Judgment Order at 24-25.

---

[6]The parties in this case do not agree on the amount of land impacted by the claim, and Charo's disputes the amount of land and valuation assessed in Plaintiff's appraisal.  See, e.g., Defendant Charo's Corporation's Memorandum in Opposition to Plaintiff Lawyers Title Insurance Corporation's Motion for Partial Summary Judgment Against Defendant Charo's Corporation at 20 (May 3, 2007).

In short, Plaintiff takes an overly expansive interpretation of the Summary Judgment Order, then offers no persuasive argument for reconsideration of the order, instead merely rehashing its prior arguments.  The Court finds no basis for reconsideration.

**D.    Sanctions**

Defendant requests that the Court impose sanctions against Lawyers Title for filing a frivolous motion for reconsideration that simply seeks to relitigate old issues.  <u>See</u> Opposition at 2, 9.  Defendant's request for sanctions does not comply with Federal Rule of Civil Procedure 11(c)(1)(A), which requires that a motion for sanctions be made separately from any other motions or requests.  Accordingly, the Court denies the request for sanctions.

<u>**CONCLUSION**</u>

Plaintiff's Motion for Reconsideration fails to demonstrate any reason why the court should reconsider its prior decision, and fails to set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision.  The Court denies Plaintiff's motion for reconsideration of the Summary Judgment Order.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 17, 2007.



_____
Alan C. Kay
Sr. United States District Judge

Lawyers Title Ins. Corp. v. Charo's Corp., Civ. No. 06-00429 ACK-BMK, Order
Denying Plaintiff's Motion for Reconsideration of Summary Judgment Order.